KEESAL, YOUNG & LOGAN
Peter R. Boutin, SBN 65261
Christopher A. Stecher, SBN 215329
450 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 398-6000
Facsimile: (415) 981-0136
peter.boutin@kyl.com
christopher.stecher@kyl.com

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Theodore V. Wells (*pro hac vice*)
Karen R. King (*pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
twells@paulweiss.com
kking@paulweiss.com

Roberto J. Gonzalez (*pro hac vice*)
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7316
Facsimile: (202) 223-7420
rgonzalez@paulweiss.com

Attorneys for Specially Appearing
Defendant BINANCE HOLDINGS LTD.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FISCO CRYPTOCURRENCY EXCHANGE INC., | Case No. 20-cv-06445-MMC |
| Plaintiff, | **DECLARATION OF KAREN R. KING PURSUANT TO LOCAL CIVIL RULE 6-2** |
| vs. | Judge: Hon. Maxine M. Chesney |
| BINANCE HOLDINGS LTD., | |
| Defendant. | |

- 1 -
DECLARATION OF KAREN R. KING PURSUANT TO LOCAL CIVIL RULE 6-2
CASE NO. 20-CV-06445-MMC

I, KAREN R. KING, hereby declare and state as follows:

1. I am an attorney at the law firm Paul, Weiss, Rifkind, Wharton and Garrison LLP, and I represent Specially Appearing Defendant Binance Holdings Ltd. ("Binance Holdings") in the above-captioned action. This declaration is based upon my personal knowledge.

2. On December 7, 2020, Plaintiff Fisco Cryptocurrency Exchange Inc. ("Plaintiff") filed a notice of completed service in the above-captioned matter representing that service on Binance Holdings had been effectuated pursuant to the Hague Convention on November 30, 2020.

3. On December 9, 2020, I spoke with Charles H. Cooper, Jr., counsel of record for Plaintiff. Given the length of the Complaint and the upcoming holidays, I requested on behalf of Binance Holdings, and Plaintiff consented to, an extension of time to file a Motion to Dismiss up to and including January 20, 2021. The parties also agreed that Plaintiff's Opposition to Binance Holdings' Motion to Dismiss would be due February 19, 2021, and Binance Holdings' Reply to Plaintiff's Opposition would be due March 11, 2021.

4. Pursuant to Local Civil Rule 6-2, the parties now request a modification of the case schedule—including a further continuance of (i) the deadline to meet and confer and file an ADR Certification, (ii) the deadline to file a Rule 26(f) Report, and (iii) the Initial Case Management Conference—in order to allow sufficient time to fully brief Binance Holdings' forthcoming Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b). Binance Holdings respectfully submits that its forthcoming Motion to Dismiss will present important threshold issues including, among other things, that there is no personal jurisdiction over Binance Holdings.

5. Prior to Binance Holdings' appearance in this case, there have been only two previous time modifications by order of the Court. On September 30, 2020, the Court issued an Order modifying the date of the Initial Case Management Conference and the deadline for the parties to file their Joint Case Management Statement (ECF No. 12). Plaintiff subsequently moved for a continuance of the deadlines to file an ADR Certification, Rule 26(f) Report, and Case Management Statement in light of its ongoing efforts to perfect service on Binance Holdings through the Hague Convention (ECF No. 21). On December 1, 2020, the Court granted the motion, continuing (i) the deadline to meet and confer and file an ADR Certification to February 19, 2021, (ii) the deadline to

file a Rule 26(f) Report to March 5, 2021, and (iii) the Initial Case Management Conference to March 12, 2021 (ECF No. 22).

6. This case is in the very early stages, and the Court has not yet entered a Scheduling Order pursuant to Fed. R. Civ. P. 16(b). Therefore, I have no reason to believe that the requested extension of time, including continuing the current case management deadlines until after the Motion to Dismiss is fully briefed, would have any meaningful impact on the schedule of the case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, to the best of my knowledge.

Executed on December 17, 2020 in Massachusetts.

_____
Karen R. King (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP